JUDGE RAMOS

HENINGER GARRISON DAVIS, LLC
5 Penn Plaza, 23rd Floor
New York, New York 10001
Telephone: (212) 896-3876

*Attorneys for Plaintiff*
*Endeavor MeshTech, Inc.*

14 CV 8198

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ENDEAVOR MESHTECH, INC.,

       Plaintiff,

v.

ENERGYHUB, INC.,

       Defendant.

**ECF Case**

Civil Action No._____

**ORIGINAL COMPLAINT FOR**
**PATENT INFRINGEMENT**

JURY TRIAL DEMANDED

RECEIVED
OCT 14 2014
U.S.D.C. S.D.N.Y.

Plaintiff Endeavor MeshTech, Inc. ("Plaintiff" or "Endeavor"), by and through its undersigned counsel, files this Original Complaint for Patent Infringement against Defendant EnergyHub, INC. ("Defendant" or "EnergyHub") as follows:

## NATURE OF THE ACTION

1.     This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 7,379,981 entitled "*Wireless Communication Enabled Meter and Network*" (hereinafter, the "'981 Patent"), United States Patent No. 8,700,749 (hereinafter, the "'749 Patent") and United States Patent No. 8,855,019 (hereinafter, the "'981 Patent," "'749 Patent" and "'019 Patent", respectively, or "Patents-in-Suit"; copies of which are attached hereto as Exhibits A-C, respectively). Plaintiff is the owner of the Patents-in-Suit. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2.     Endeavor MeshTech, Inc. is a corporation organized and existing under the laws of the State of Delaware. Plaintiff maintains its principal place of business at 140 Broadway, 46th Floor, New York, NY, 10005.  Plaintiff is the owner of the Patents-in-Suit, and possesses all rights thereto, including the exclusive right to exclude the Defendant from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the Patents-in-Suit, the right to license the Patents-in-Suit, and to sue the Defendant for infringement and recover past damages.

3.     Upon information and belief, EnergyHub is a corporation duly organized and existing under the laws of the State of Delaware since October 23, 2007 and having its principal place of business located at 232 3rd Street, Suite C201, Brooklyn, New York, 11215.  Defendant may be served through its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

4.     Upon information and belief, EnergyHub ships, distributes, makes, uses, offers for sale, sells, and/or advertises its products under the name of its Mercury platform.

## JURISDICTION AND VENUE

5.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6.     The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of New York and in the Southern District of New York; Defendant has purposefully availed itself of the privileges of conducting business in the State of New York and in the Southern District of New York; Defendant has sought protection and

---

benefit from the laws of the State of New York; Defendant regularly conducts business within the State of New York and within the Southern District of New York, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of New York and in the Southern District of New York.

7.      More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and affiliated services in the United States, the State of New York, and the Southern District of New York.  Upon information and belief, Defendant has committed patent infringement in the State of New York and in the Southern District of New York.  Defendant solicits customers in the State of New York and in the Southern District of New York.  Defendant has many paying customers who are residents of the State of New York and the Southern District of New York and who use Defendant's products in the State of New York and in the Southern District of New York.

8.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND INFORMATION

9.      The Patents-in-Suit were duly and legally issued by the United States Patent and Trademark Office on May 27, 2008 (the '981 Patent), April 15, 2014 (the '749 Patent) and October 7, 2014 (the '019 Patent) after full and fair examinations.  Plaintiff is the owner of the Patents-in-Suit, and possesses all right, title and interest in the Patents-in-Suit including the right to enforce the Patents-in-Suit, and the right to sue Defendant for infringement and recover past damages.

10.      On information and belief, Defendant EnergyHub owns, operates, advertises, and/or controls the website www.energyhub.com, through which Defendant advertises, sells,

offers to sell, provides and/or educates customers about its products, including but not limited to its products and affiliated services under the name of its Mercury platform ("Accused Products and Services").

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,379,981

11.     Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-10 above.

12.     Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '981 Patent either literally or under the doctrine of equivalents through the manufacture and sale of infringing products under its Mercury platform and affiliated services. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '981 Patent because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises a self-configuring wireless network, including but not limited to EnergyHub's products under the name of its Mercury platform.   Defendant provides a self-configuring wireless network that incorporates a network cluster, virtual gate, and virtual network operations entity through the use of devices which include at least EnergyHub's products under the name of its Mercury platform, gateways, virtual nodes, ZigBee® routers, Zigbee® meters and Zigbee® endpoints. Specifically, one or more of Defendant's Accused Products and Services, infringes one or more of the claims of the '981 Patent.  Upon information and belief, Defendant's Accused Products and Services are available for sale on its website and through various retailers located in this district and throughout the United States.

13.     Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '981 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused

Products and Services in an infringing manner. Despite knowledge of the '981 Patent as early as the date of service of the Original Complaint in this action, Defendant, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use its systems and methods, in a manner which infringes the '981 Patent. Based upon information and belief, Defendant's source of revenue and business focus is on the provision of and sale of the Accused Products and Services. Upon information and belief, Defendant has specifically intended its customers to use its systems and methods in such a way that infringes the '981 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website including promotional material and contact information. Defendant knew that its actions, including, but not limited to any of the aforementioned systems and methods, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

14. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

15. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

16. Defendant's infringement of Plaintiff's rights under the '981 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.